Filed 10/30/13  P. v. Kuck CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>LEE ALLEN KUCK,<br><br>      Defendant and Appellant. | H038724<br>(San Benito County<br> Super. Ct. Nos. CR-10-00288,<br>               CR-07-02437) |

On July 26, 2012, pursuant to a negotiated disposition, Lee Kuck (defendant) admitted that he had violated his probation in case numbers CR-10-00288 (case no. 0288) and CR-07-02437 (case no. 2437).  In exchange for his admission, defendant was promised a prison term of two years six months in case no. 0288 and eight months in case no. 2437.

On August 16, 2012, the court sentenced defendant according to the terms of the negotiated disposition.

Defendant filed a timely notice of appeal.  He sought, and was granted a certificate of probable cause.  In his request for a certificate of probable cause, defendant alleged that he "did not knowingly and intelligently waive" his "constitutional rights" during all

his court hearings up to and including "his sentencing hearings." In addition his due process rights were "in fact violated."[1]

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On July 5, 2013, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.)

*Facts and Proceedings Below*

*Case No. 0288*[2]

On February 4, 2010, Hollister Police Officer Rodriguez went to Marguerite Maze Middle School in response to a report of female students being followed by a suspicious vehicle. When he arrived he saw three adult males walking through the basketball court where a physical education class was in progress. Officer Rodriguez learned that one of the three men had an outstanding misdemeanor warrant; Officer Rodriquez took him into custody.

---

[1] An amended notice of appeal, alleging sentencing error, was filed on November 29, 2012.

[2] The facts underlying this case are taken from the probation officer's report.

2

Officer Rodriguez believed that defendant matched the description of a man in a tan sedan who had been following students. Accordingly, Officer Rodriguez took defendant and the two other men to the school. Three girls who had reported being followed were taken to a conference room one by one and asked to look at the men.[3] Two of the girls were sure that defendant was the driver of the car that had followed them, while one girl identified him as either the driver or a passenger in the car.

Officer Rodriguez located another girl who had been followed; she was unable to identify any of the three suspects due to the fact that the windows of the car were tinted. Officer Rodriguez interviewed yet another girl who told him that about 7:20 a.m. the previous day she had been approached by someone in a tan sedan. The driver, who she identified as defendant, asked her if she needed a ride; he ordered her to get into the car. When she refused, defendant drove away.

Officer Rodriguez told defendant that he was going to conduct a probation search. Defendant stated that he had marijuana in his pockets whereupon Officer Rodriguez found 4.08 grams of marijuana on defendant; Officer Rodriguez arrested defendant.

At the jail, defendant waived his *Miranda* rights and told Officer Rodriguez that he and his two companions had spent the previous night at a party at a house on Santa Ana Road. They were crossing the school grounds so that they could reach Meridian Street and walk home. Defendant denied any involvement involving the female middle school students; however, he could not remember where he was at the precise times of the incidents involving the girls.

Since defendant was on active probation with a search and seizure clause, a search of his home was conducted. A search of his vehicle uncovered a blue bra in the glove compartment and a paper bag containing approximately 50 condoms in the center

---

[3] It appears the men were kept outside the school building and the girls looked at them from inside the building.

console. When officers searched the garage, which is where defendant slept and stored his belongings, they found two swords and a baton.

The San Benito County District Attorney charged defendant with two counts of unlawfully contacting or communicating with a minor for the purpose of engaging in lewd and lascivious behavior (Pen. Code, § 288.3, counts one and two, victims Jane Doe 1-4); two counts of attempted kidnapping for the purpose of committing a lewd act (Pen. Code, §§ 664, 207, subd. (b), count three, victims Jane Doe 1 and 3 and count four, victim Jane Doe 5); attempted kidnapping (Pen. Code, §§ 664, 207, subd. (b)) with a special allegation that the victim was under 14 years of age (Pen. Code, § 208, subd. (b), count five, victim Jane Doe 5); two counts of attempted lewd act on a child (Pen. Code, §§ 664, 288, subd. (a), count six victims Jane Doe 1 and 3, count seven, victim Jane Doe 5); one count of attempted forcible lewd act on a child (Pen. Code, § 288, subd. (b)(1), count eight, victim Jane Doe 5); one count of attempted kidnapping (Pen. Code, § 207, subd. (a), count nine, victims Jane Doe 2 and 4) and one count of attempted lewd act on a child who was 14 years old and the defendant was at least 10 years older than the victim (Pen. Code, § 288, subd. (c)(1), count 10, victims Jane Doe 2 and 4).

On September 27, 2010, defendant pleaded no contest to one count of attempted kidnapping. (Pen. Code, § 207, subd. (a).) Defendant entered his plea to count nine after it was amended to add additional victims. He was admitted to probation and imposition of sentence was suspended. One of the conditions of defendant's probation was that he abstain from the use or possession of controlled substances or alcoholic beverages; another was that he obey all laws.[4]

*Case No. 2437*

The facts underlying this case are not in the record. There is no probation officer's report and it does not appear that there was an evidentiary hearing. However, when

---

[4]  Defendant has not provided this court with a transcript of the hearing at which he entered his plea.

4

defendant was sentenced in this case on May 12, 2011, he was admitted to probation and imposition of sentence was suspended. Again, one of the conditions of defendant's probation was that he abstain from the use or possession of controlled substances or alcoholic beverages and another was that he obey all laws.[5]

Subsequently, defendant violated his probation by testing positive for methamphetamine and for being in possession of .07 grams of methamphetamine. The court reinstated him on probation, but ordered that defendant successfully complete a residential program.

Once more, defendant violated his probation by using methamphetamine. Again, probation was reinstated and defendant was ordered to serve 60 days in county jail, which could be served on work furlough or on an electronic monitoring program.

Shortly thereafter, the probation department filed another violation of probation petition (Pen. Code, § 1203.3) in which it was alleged that on April 16, 2012, the victim of a theft of car parts called the police to report that rims stolen from his car were on a car that was in the parking lot of an Ace Hardware store. Defendant was the driver of this car. On July 26, 2012, at the probation revocation hearing, the court informed defendant of his constitutional rights. (*People v. Arreola* (1994) 7 Cal.4th 1144, 1152–1153.) Defendant stated that he understood; and he gave up those rights. Thereafter, defendant admitted this violation of probation, which resulted in the three-year two-month prison term—two years six months in case no. 0228 and a consecutive term of one-third the midterm or eight months in case no. 2437.

*Conclusion*

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. Defendant received the sentence he was promised; and the record indicates that he was informed of and

---

[5] Again, defendant has not provided this court with a transcript of the hearing at which he entered his plea.

5

knowingly and intelligently waived his constitutional rights before he entered his admission to violating his probation at the July 26, 2012 hearing.  At all times, defendant was represented by competent counsel.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.